**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:25-cr-60310-PCH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MARIA JIMENEZ,

      Defendant.

_____ /

## <u>REPORT AND RECOMMENDATION ON CHANGE OF PLEA</u>

**THIS CAUSE** is before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant Maria Jimenez. Based upon the change of plea hearing conducted on March 11, 2026, this Court makes the following findings, and recommends that the guilty plea be accepted.

1. The undersigned advised Defendant of her right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. (ECF No. 20). I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that she did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney and the Assistant United States Attorney all consented on the record to the undersigned conducting the change of plea hearing.

2.      The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3.      Defendant pled guilty to Count One of the Indictment, which charges her with possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(B)(ii). I advised Defendant that the maximum penalty the Court could impose as to Count One is a term of up to forty years imprisonment, with a minimum term of five (5) years imprisonment, followed by a supervised release of at least four years and up to life. In addition to any term of imprisonment, the Court may impose a fine of up to $5,000,000.00, and the Court will assess a mandatory special assessment of $100.00, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the possibility of restitution and forfeiture, and the potential for immigration consequences including deportation. Defendant acknowledged that she understood the possible maximum penalties that could be imposed in the case.

4.      To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

5.      The parties entered into a written plea agreement that was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he had reviewed the entire agreement with counsel before she signed it. Defendant acknowledged that she is satisfied with her attorney and that she has had a full opportunity to discuss all facets of her case with her attorney. Defendant indicated that she has reviewed discovery with counsel.

6.      Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

7.      Therefore, the undersigned **RECOMMENDS** that Defendant be found to have freely and voluntarily entered her guilty plea to Counts One through Six of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged. I further recommend that the Court find her waiver of appellate rights was knowingly and voluntarily made, after consultation with counsel.

8.      A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office.

The parties will have **THREE (3) CALENDAR DAYS[1]** within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in chambers at Miami, Florida, this 11th day of March, 2026.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties consented to this abbreviated term for objections.